*Library*

IN THE SUPERIOR COURT OF GUAM

SUPERIOR COURT
OF GUAM

2012 FEB 24 PM 3: 34

PEOPLE OF GUAM, ) CRIMINAL CASE NO. CM100-11
)
vs. ) **DECISION AND ORDER**
) (Motion to Dismiss)
MARVIN KOUCH, )
)
Defendant. )
_____

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein now renders the following decision.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo,* 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on October 24, 2010 and given a notice to appear. On January 25, 2011, the Complaint was filed; and on February 3, 2011, a Summons was issued for an arraignment scheduled on March 9, 2011(hereinafter referred to as "First Summons"). Defendant was not served with the First Summons; hence he did not appear at the March 9,

---

[1] This holding is hereinafter referred to as the "60 day rule."

2011 hearing. A Summons was reissued on March 14, 2011 with an arraignment scheduled for April 6, 2011. After seventy-one (71) days had passed from the filing of the Complaint, Defendant appeared and was appointed counsel at the April 6, 2011 hearing. In order to provide Defendant the opportunity to meet and confer with counsel, the arraignment was continued until May 4, 2011, twenty-eight (28) days later. Ninety-nine (99) days after the Complaint was filed, Defendant was finally arraigned on May 4, 2011.

The time between the Complaint and the first appearance on April 6, 2011 does violate the 60 day rule announced in *Rasauo II*. Therefore, the Court must determine what days, if any, after March 28, 2011[2], constitute good cause, or if this case must be dismissed for the 60 day rule violation.

The Court acknowledges that Defendant did not receive the First Summons, which set an arraignment hearing within sixty (60) days of the Complaint being filed. In this case, the Magistrate Court recommended that a summons should be re-issued due to no-service of the First Summons; not that the Marshals failed to make reasonable and diligent attempts to find the Defendant to serve the First Summons as Defendant's Reply Brief argues. Absence evidence to the contrary, the Court presumes that public officers have fulfilled their official duties; therefore, the Court presumes that the marshals made good faith efforts to serve the First Summons on the Defendant. Thus, the Court finds good cause for this delay. *See People v. Rock*, 403 N.Y.S. 2d 110 (N.Y.A.D. 1978); *Carrier v. State*, 832 S.W.2d 269 (Ark. App. 1992).

The reissued Summons provided for an arraignment date scheduled less than thirty (30) days away from the date set by the First Summons. The People maintain that once a request for a summons is presented "the People retain no control over the court's decision about when to calendar the date on which a defendant is to return to court." People's Opp'n to Mot. to Dismiss, p.5 (Nov. 18, 2011). Thus, the People advocate that any delay attributed to the court's calendaring of an arraignment should be found to be good cause and not cause the case to be dismissed pursuant to *Rasauo II*. The Court disagrees that a bright line rule of any delay caused

---

[2] The sixtieth day falls on Saturday, March 26, 2011; thus pursuant to 8 GCA § 1.25(a), the sixtieth day becomes March 28, 2011.

by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers ... to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See e.g. People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012).

The onus is on all judicial officers, in addition to the prosecuting attorneys, to ensure that a defendant is promptly arraigned. Nonetheless, the Court decides that it would have been unreasonable for the reissued Summons to set the arraignment on or before March 28, 2011, in light of the fact that the Marshals were unable to locate Defendant and serve the First Summons. The reissued Summons set an arraignment hearing twenty-three (23) days[3] after it was filed. The Court determines that the Marshals were given a reasonable amount of time to make another attempt at service of the reissued Summons. Defendant was served and had an opportunity to prepare for the April 6, 2011 hearing, which occurred sixty-two (62) days after the Complaint was filed. Based on the foregoing, both the delay attributed to failure to locate and serve Defendant the First Summons and the delay attributed to scheduling of the arraignment in the reissued Summons are good cause. Hence, the Court finds that the two (2) day violation of the 60 day rule is justified.

Next, the Court must determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause. Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing arraignment with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct.

---

[3] The Court does not make a determination of the longest duration that is reasonable to set an arraignment, in light of *Rasauo II*, after an initial summons is not served by the Marshalls on a Defendant.

App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Complaint and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

In this case, Defendant argued that a reasonable amount of time for a defendant to meet and confer with an attorney prior to arraignment is no more than one (1) week. *See e.g.* Decl. of PDSC Investigator Sea Aguon Cruz, CM100-11 (Dec. 19, 2011). The Office of the Attorney General has argued in several cases that any delay of arraignment occasioned by a continuance granted by the magistrate court should be excused as good cause. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II. Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers ... to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012).

Further, the Court rejects the contention that any length of delays caused by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued arraignment after a defendant is appointed counsel, means no more than thirty (30) days[4]. 8 GCA § 80.50(a). Therefore, the Court finds that twenty-eight (28) days is not an excessive amount of time for a court to provide a defendant to meet and confer with his attorney prior to being arraigned. Thus, the delay in this case is due to allowing Defendant time to meet

---

[4] The Court encourages the arraignment judge to consider only granting continuances for a defendant to meet with appointed counsel of two (2) weeks or less in light of the *Rasauo II* decision; however, the Court accepts that up to thirty (30) days is reasonable.

and confer with counsel prior to arraignment is reasonable and constitutes good cause.

There are ninety-nine (99) days between the filing of the Complaint and Defendant's arraignment. There is justification and good cause shown for the entire duration of the 60 day rule violation; therefore, Defendant's Motion is DENIED. *Rasauo*, 2011 Guam 14 ¶ 14. A criminal trial setting shall occur on February 27, 2012 at 9:30 a.m.

**IT IS SO ORDERED** this 24th of February, 2012.

_____

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify ... ... ... ... is a true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña Guam

FEB 2 4 2012

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam